IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Appeal No.: 12-4532 |
| | * | |
| GREGORY HORNE | * | |
| Appellant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## APPELLANT GREGORY HORNE'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS APPEAL AND STAY BRIEFING SCHEDULE

Appellant, Gregory Horne, through his counsel, Kenneth W. Ravenell, and Murphy and Falcon, PA hereby files this Opposition to the Government's Motion to Dismiss Appeal and Stay Briefing Schedule, and in support thereof, states:

### ARGUMENT

A motion to dismiss is granted only if the waiver of appellate rights under 18 U.S.C. § 3742 is valid and the issue on appeal is within the scope of the waiver. *See United States v. Blick,* 408 F.3d 162, 168 (4th Cir. 2005). A review of the record makes clear that Mr. Horne's argument on appeal is not within the scope of the waiver as set forth by the government in the plea agreement, and none of the cases relied upon by the government suggest that a guilty plea waives a defendant's right to appeal the erroneous denial of his counsel of choice in

violation of his Sixth Amendment right.

I. A DEFENDANT'S GUILTY PLEA DOES NOT PRECLUDE HIM FROM CHALLENGING ON APPEAL THE ERRONEOUS DEPRIVATION OF THE RIGHT TO COUNSEL OF CHOICE, WHICH CONSTITUTES A STRUCTURAL ERROR IN VIOLATION OF THE SIXTH AMENDMENT.

While a guilty plea generally waives non-jurisdictional defects in the proceedings below, *see Tollett v. Henderson,* 411 U.S. 258, 267 (1973), the Supreme Court has held that the erroneous deprivation of the right to counsel of choice in violation of the Sixth Amendment is a "structural error" in a criminal proceeding and is not subject to harmless error analysis. *United States v. Gonzalez-Lopez,* 548 U.S. 140, 150-52 (2006). Other "structural errors" include the denial of counsel, the denial of the right of self-representation, and the denial of the right to a public trial. *Id.* at 149. Finding that the "erroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error'", the Court stated:

> [d]ifferent attorneys will pursue different strategies. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the framework within which the trial proceeds, or indeed on whether it proceeds at all .... Many counseled decisions, including those involving plea bargains and cooperation with the government, do not even concern the conduct of trial at all.

*Id.* at 150 (emphasis added). Thus, the five-member majority, per Justice Scalia,

held that when a court wrongfully denies a defendant's counsel of choice, the remedy is automatic reversal, not some form of harmless error review.

Relying on *Gonzalez-Lopez,* the Fifth Circuit held that a defendant's guilty plea does not preclude him from challenging on appeal a denial of his right to counsel of choice. *See United States v. Sanchez Guerrero,* 546 F.3d 328, 332 (5th Cir. 2008) cert. denied, 129 S. Ct. 1922, 173 L. Ed. 2d 1070 (2009). In *Sanchez Guerrero*, the defendant was indicted on allegations involving, *inter alia,* conspiracy to possess with intent to distribute cocaine and marijuana, possession of a firearm by a felon, and engagement in a RICO conspiracy to distribute controlled substances and protect and distribute the proceeds and profits from 1987 through 2006. After his original defense counsel was disqualified on the basis that he had actual and potential conflicts of interest, Guerrero pled guilty to the RICO charge pursuant to a plea agreement wherein he did not preserve any rights of appeal, and specifically waived his right to appeal any sentencing issues in his written plea agreement. *Id.* at 331.

Though the defendant in *Gonzalez-Lopez* had proceeded to trial, the Fifth Circuit extended the Supreme Court's analysis because "it is obvious that the choice of counsel may *seriously impact a defendant's decision to plead guilty*". *Id.* (Emphasis added). The court recognized that "[i]f a defendant is erroneously denied the counsel of his choice, it is a structural error in the trial that brings into

question the voluntary and intelligent character of the guilty plea itself, and thus, the waiver did not apply. *Id.* (citing *Tollett,* 411 U.S. at 267).

Similarly, the district court's erroneous disqualification of Mr. Horne's counsel of choice pre-guilty plea constitutes "a structural error in the trial that brings into question the voluntary and intelligent character of the guilty plea itself" and thus is not within the scope of the waiver as set forth by the government in the plea agreement. It would be "impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings", and thus, the waiver must not apply and this Court must consider whether the district court erroneously disqualified Mr. Horne's counsel of choice.

## II. NONE OF THE CASES RELIED UPON BY THE GOVERNMENT ARE DISPOSITIVE.

The government relies on several cases for the proposition that "a defendant's waiver of his right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and intelligently made." Doc. 76 at 6. None of these cases addresses whether the waiver applies to the district court's erroneous deprivation of a defendant's right to his counsel of choice. *See United States v. Blick, supra* (holding that arguments on appeal that sentence was miscalculated and sentencing enhancements run afoul of *Booker* fall within scope of the appeal waiver); *United States v. Copeland,* 707 F.3d 522 (2013) (finding

valid appeal waiver where defendant sought to present sentencing arguments on appeal); *United States v. General*, 278 F.3d 389 (2002) (finding knowing and voluntary waiver where defendant argued on appeal that the district court's drug quantity calculation to determine guideline range was erroneous and district court should have granted a three level downward adjustment rather than a two level adjustment); *United States v. Linder*, 552 F.3d 391 (4th Cir. 2009) (concluding that relief under *Booker* is unavailable on collateral review); *United States v. Marin*, 961 F.2d 493 (1992) (rejecting appeal of unreasonable sentence based on upward departure where plea agreement contained an explicit reservation by the government of its right to seek an upward departure from the applicable sentencing guidelines).

Peculiarly, in the one case upon which the government relies that addresses the applicability of the appeal waiver and right of counsel, this Court held that the appeal waiver *did not apply*. Decided sixteen years before the Supreme Court held that the erroneous deprivation of the right to counsel of choice is a structural error warranting automatic reversal, in *United States v. Attar*, 38 F.3d 727 (4th Cir. 1992), "[t]he defendants[1] were represented by counsel at the time they entered into the plea agreement that contained the waiver", but five months *after* the guilty plea (and five days before the scheduled sentencing hearing) "numerous and

---

[1] The defendants in the case were Amir Attar and Perfect View, Inc. ("PVI"). Mr. Attar was the president and majority owner of PVI.

significant disagreements [with Attar] over the conduct of the case" had resulted in defense counsel seeking to withdraw as counsel and move to continue the sentencing hearing. *Id.* at 729, 731. After denying the motions, the district court told "Attar that he needed to choose between going forward with current counsel and going forward representing himself, either completely *pro se* or with current counsel as standby counsel." *Id.* at 730. Without a direct response from Attar, the district court allowed the two attorneys to withdraw as regular counsel but ordered them to serve as "standby counsel" at sentencing. *Id.*

On appeal, with newly retained counsel, the appellants – Attar and PVI – argued that their sentences should be set aside because the proceedings following the entry of their guilty pleas were conducted in violation of their Sixth Amendment right to counsel. Recognizing that "a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations", this Court held that challenging the sentences on the ground that the proceedings following entry of the guilty plea were conducted in violation of their Sixth Amendment right to counsel was *not covered by the general waiver of appeal rights*, and thus, declined to dismiss the appeal and proceeded to the merits. *Id.* at 732.

Without any analysis by the government as to how this case supports their

position, the government's reliance on this case is curious at best.

WHEREFORE, the above-mentioned reasons, Mr. Horne respectfully requests that this Honorable Court deny the government's motion to dismiss and lift the stay of the briefing schedule.

                                        Respectfully submitted,

                                        */s/ Kenneth W. Ravenell*
                                        Kenneth W. Ravenell
                                        Milin Chun
                                        Murphy & Falcon, PA
                                        One South Street, Suite 2300
                                        Baltimore, Maryland  21202
                                        (410) 539-6500
                                        **Counsel for Appellant Horne**

                                        */s/ Creston Smith*
                                        Creston Smith
                                        Silverman, Thompson, Slutkin, White
                                        201 N. Charles Street, Suite 2600
                                        Baltimore, Maryland 21201
                                        **Counsel for Appellant Horne**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February, 2014, a copy of the foregoing Opposition to Government's Motion to Dismiss Appeal and Stay Briefing Schedule was sent via e-file to all counsel.

/s/ *Kenneth W. Ravenell*
Kenneth W. Ravenell